United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM CUTLIP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEUTCHE BANK NATIONAL TRUST COMPANY FOR THE HARBORVIEW MORTGAGE LOAN TRUST PASS-THROUGH CERTIFICATES 2007-7,<br><br>　　　　Defendant. | Case No.  15-cv-01345-BLF<br><br>**ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Re: ECF 2] |

Before the Court is the "Emgency [sic] Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction" ("TRO Application") by *pro se* plaintiff William J. Cutlip ("Plaintiff").[1]  Pl.'s TRO Appl., ECF 2.  For the reasons stated herein, Plaintiff's TRO Application is DENIED.

**I.　BACKGROUND**

On March 23, 2015, Plaintiff filed a complaint against defendant Deutsche Bank National Trust Company ("Deutsche Bank") accompanied by the instant TRO Application.  A review of the Complaint, which is light on facts, suggests that Plaintiff is bringing this action in connection with a mortgage on a property in Campbell, California.  *See, e.g.*, Compl. at 18-19 (describing recorded deed documents), ECF 1; *see also* Pl.'s Request for Judicial Notice ("RJN") Exh. A.,[2] ECF 3.  It

---

[1] The Complaint in this action identifies Chikako Cutlip as an additional plaintiff, though the pleading is signed only by William Cutlip.  *See* Compl., ECF 1.  The Court notes that Chikako Cutlip is the appellant in an appeal from the bankruptcy court, also involving Deutsche Bank National Trust Company.  *See Cutlip v. Deutsche Bank National Trustee Company*, No. 5:15-cv-00271-BLF (N.D. Cal., filed Jan. 20, 2015).

[2] Plaintiff's Request for Judicial Notice is GRANTED with respect to Exhibits A-F, and J, as these are recorded deeds or public court filings (including Exhibit D, a transcript of public court

appears that the same parties have already engaged in extensive litigation in state court regarding the property. *See* Compl. at 4-6, 17; *see also* Pl.'s RJN Exhs. B-D, J.  In June 2014, the appellate division of the Superior Court for the County of Santa Clara affirmed an unlawful detainer judgment against Plaintiff and in favor of Deutsche Bank, as "Trustee for Harborview Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-7." Pl.'s RJN Exh. J.  Plaintiff contends that unlawful detainer judgment was obtained through fraud on the part of Deutsche Bank and entered without jurisdiction and accordingly void. Compl. at 2, 4-6 ("Counts" One, Three, Four, Five and Six).  More generally, Plaintiff asserts that he brings his federal claims against Deutsche Bank under 42 U.S.C. § 1983 for "act[ing] jointly with the State to deprive him of his property without due process of law." *Id.* at 3 ("Count" Two).

In the present TRO Application, Plaintiff seeks to restrain defendant Deutsche Bank "from taking any action against the property known as 619 Union [A]venue Campbell C[A] 95008." Pl.'s TRO Appl. 2, 20.  It appears that the defendant "has already obtained a writ of possession," and Plaintiff believes that Deutsche Bank will move quickly to sell the property "as soon [a]s the property is vacated." *Id.* at 2.  Plaintiff also seeks "an order vacating the unlawful detainer judgment for fraud on the court and blatant and willful violation of the Cutlip's due process under the color of law," *id.* at 20, although it is not clear if that is a form of injunctive relief that Plaintiff is seeking or if that is a part of the relief that he seeks in connection with his underlying claims.

## II.    LEGAL STANDARD

The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co. v. Hughes Aircraft*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  An injunction is a matter of equitable discretion and is

---

proceeding) appropriate for judicial notice. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998).  The judicially noticeable court documents, however, are not be used "so as to supply, without formal introduction of evidence, facts essential to support a contention" in the present case. *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).  Plaintiff's RJN Exhibits G and H appear to be private correspondence, and the source of Exhibit I is not clear.  As such, the RJN is DENIED with respect to Exhibits G-I.

"an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008).

A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. Alternatively, an injunction can issue where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," provided that the plaintiff can also demonstrate the other *Winter* factors. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation marks omitted). Showing "serious questions going to the merits" requires more than establishing that "success is more likely than not;" rather, it requires a plaintiff to demonstrate a "substantial case for relief on the merits." *Leiva–Perez v. Holder*, 640 F.3d 962, 967 (9th Cir. 2011). Under either standard, the plaintiff bears the burden of making a clear showing on these elements and on entitlement to this extraordinary remedy. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).

### III.     DISCUSSION

As an initial matter, an ex parte TRO Application must satisfy Federal Rule of Civil Procedure 65(b)(1), which demands "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and a certification describing the "efforts made to give notice [to the adverse party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B). Furthermore, applicants in this district must also comply with Civil Local Rule 65-1, which requires that "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." Civ. L.R. 65-1(b).

Plaintiff in his TRO Application avers that he is likely to suffer immediate and irreparable harm because "Deutsche has already obtained a writ of possession but [t]he Cutlip's know as soon

1  [a]s the property is vacated Deutsche will sell it as quickly as possible to permanently deprive the
2  Cutlip's of their home." TRO Appl. 2.  It is unclear from what evidence Plaintiff derives this
3  knowledge, as there is no evidence or allegation that Deutsche Bank has moved to enforce the
4  unlawful detainer judgment or placed the subject property on sale.  Moreover, there is no
5  indication in Plaintiff's TRO Application that he notified Deutsche Bank of this filing or even
6  attempted to contact them regarding this application.  On that basis alone, Plaintiff's TRO
7  Application should be denied for failure to comply with applicable local and federal rules.  In
8  consideration of Plaintiff's *pro se* status, however, the Court proceeds to the merits.

9  As to the first *Winter* factor of a likelihood of success on the merits of his claim, Plaintiff
10 has made no showing that he is likely to succeed.  To the extent the Complaint can be understood,
11 Plaintiff appears to be invoking federal jurisdiction by asserting claims under 42 U.S.C. § 1983.
12 *See* Compl. at 3 ("The Cutlip bring this action under 42 U.S.C. § 1983").  What is pled, however,
13 is Deutsche Bank's alleged fraud in state court proceedings and a myriad of errors that Plaintiff
14 contends the state courts committed in entering and affirming an unlawful detainer judgment
15 against him. *Id.* at 2-6.  The gravamen of Plaintiff's claims appears to be that because Deutsche
16 Bank's allegedly committed fraud in state court, those proceedings lacked due process and, as
17 such, Deutsche Bank acted jointly with the state courts to deprive Plaintiff of his property without
18 due process of law.[3]  *See id.* at 3 ("in attaching his property, respondents had acted jointly with the
19 State to deprive him of his property without due process of law"); *see also* Pl.'s TRO Appl. 3.

20 It is unlikely that Plaintiff could prevail on his § 1983 claim against Deutsche Bank, a
21 private party.  A federal civil rights claim requires that "the conduct allegedly causing the
22 deprivation of a federal right be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457
23 U.S. 922, 937 (1982).  Although in *Lugar*, the Supreme Court recognized that a private party
24 could be held liable under § 1983 for causing state agents to seize a plaintiff's property pursuant to

---

[3] To the extent the front page of the Complaint also identifies claims seeking to "set aside foreclosure sale" and for "fraud and fraudulent concealment" and "promissory estoppel," the Court cannot find those claims in the body of the pleading.  As such, the Court construes the Complaint to solely assert claims pursuant to 42 U.S.C. § 1983.

4

statute upon that private party's *ex parte* application, that is far from what is alleged here. Here, Deutsche Bank went through judicial proceedings to obtain an unlawful detainer judgment against Plaintiff.[4] "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980); *see also Basulto v. GMAC Mortgage*, No. C-09-1438 MMC, 2009 WL 1658033, at *2 (N.D. Cal. June 12, 2009) (rejecting similar arguments). Moreover, it is not clear from Plaintiff's papers what actions Deutsche Bank has taken to enforce the unlawful detainer judgment and therefore it is not clear that there has been any seizure or attachment beyond the securing of an unlawful detainer judgment. As such, Plaintiff has failed to demonstrate even a serious question going to the merits of his federal civil rights claims against Deutsche Bank.

Furthermore, despite his fervent protestations to the contrary, it is not clear that any of Plaintiff's claims survive the *Rooker-Feldman* bar against "exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *See, e.g.*, *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). The Ninth Circuit explained the doctrine as follows: "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). While Plaintiff may allege that his claims comport with the extrinsic fraud exception to *Rooker-Feldman* described in *Kougasian*, *see* Compl. at 6-9, his allegations belie that assertion, particularly where he charges the state courts that ruled against him with fraud, perjury, and complicity in an "unconscionable plan to defraud Cutlip." Compl. at 24; *see also* Pl.'s TRO Appl. 4-8, 11-14. It is thus difficult to conceive of Plaintiff's request that the Court vacate the unlawful detainer judgment, *see* Compl. at 25, as anything other than his assertion "as a legal wrong an allegedly erroneous decision by a state court" from which he seeks relief. Based on the foregoing, Plaintiff has failed to demonstrate even a serious question going to the merits of his claims against

---

[4] To the extent Plaintiff contends that an antecedent foreclosure sale can also form the basis for a § 1983 claim, that argument is foreclosed by *Harper v. Federal Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989), which held that use of a state's foreclosure procedures is not state action.

Deutsche Bank, and certainly no likelihood of success on the merits.

As to the remaining *Winter* factors, Plaintiff is correct that the loss of his home can be serious or even irreparable harm.  *See* Pl.'s TRO Appl. 16.  However, "in the absence of a likelihood of success on the merits, loss of property alone is not sufficient to obtain a TRO." *Michener v. Wells Fargo Home Mortgage*, No. C 12-2003 PJH, 2012 WL 3027538, at *4 (N.D. Cal. July 24, 2012).  Moreover, as the Court previously noted, Plaintiff offers nothing more than conjecture that he is imminently in danger of losing his home, as it is unclear what steps Deutsche Bank has taken to enforce the unlawful detainer judgment, let alone sell the property once it is vacated.  Although the public interest and the balance of hardships do weigh in Plaintiff's favor, as they generally do in cases where a homeowner is at risk of being displaced from his home, *see Castellanos v. Countrywide Bank NA*, No. 15-CV-00896-BLF, 2015 WL 914436, at *2 (N.D. Cal. Feb. 27, 2015), those factors are insufficient to sustain the extraordinary injunctive relief that Plaintiff seeks here in the absence of any serious questions going to the merits of his underlying civil rights claims against Deutsche Bank.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction is DENIED.

**IT IS SO ORDERED.**

Dated: March 27, 2015

_____
BETH LABSON FREEMAN
United States District Judge