UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM CUTLIP,<br><br>    Plaintiff,<br><br>    v.<br><br>DEUTCHE BANK NATIONAL TRUST COMPANY FOR THE HARBORVIEW MORTGAGE LOAN TRUST PASS-THROUGH CERTIFICATES 2007-7, et al.,<br><br>    Defendants. | Case No. 15-cv-01345-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>[Re: ECF 21] |

On May 11, 2015, *pro se* plaintiff William Cutlip ("Plaintiff") filed a First Amended Complaint ("FAC") asserting claims against two defendants: (1) Deutsche Bank National Trust Company for the Harborview Mortgage Loan Trust Pass-Through Certificates 2007-7 ("Deutsche Bank"); and (2) attorney Benjamin Petiprin (collectively with Deutsche Bank, "Defendants"). *See* FAC, ECF 21. Plaintiff seeks to void an unlawful detainer judgment entered against him in state court on the basis of Defendants' alleged extrinsic fraud. *Id.* at 2, 48. Before the Court is Deutsche Bank's Motion to Dismiss.[1] Def.'s Mot., ECF 33. For the reasons stated herein, Deutsche Bank's motion is GRANTED, and this action is dismissed for lack of subject-matter jurisdiction.

**I.  BACKGROUND**

This lawsuit is one of a number of actions that Plaintiff has filed in connection with a foreclosure sale of real property at 619 Union Avenue Campbell, California. FAC at 6. Plaintiff asserts that he is "the only party to this litigation with a recorded or unrecorded interest effecting

---

[1] Defendant Petiprin has not filed a response to the FAC.

[sic] title to the subject property." *Id.* at 5. To perfect his interest, Plaintiff filed a quiet title action on January 25, 2012 in state court against Downey Savings and Loan Association and U.S. Bank N.A. Plaintiff later dismissed Downey and U.S. Bank and amended his complaint to add defendant Deutsche Bank and Western Progressive LLC as defendants. *Id.* at 7; *see also* Def.'s Request for Judicial Notice ("RJN"), ECF 34, Exh. 5 (October 9, 2014 Opinion of the California Court of Appeal for the Sixth Appellate District) at 2.[2] The state court sustained with prejudice the defendants' demurrer to all of Plaintiff's claims. FAC at 7; Def.'s RJN Exh. 4. That order was affirmed on appeal. Def.'s RJN Exh. 5.

In the meantime, it appears that Plaintiff defaulted upon his mortgage on the Campbell house. Western Progressive LLC, who claimed to be the successor trustee at the time, recorded a notice of trustee's sale and duly sold the house to Deutsche Bank in a foreclosure sale conducted July 6, 2012. A trustee's deed upon sale was recorded on July 20, 2012. Def.'s RJN Exh. 3 (June 24, 2014 Opinion of Appellate Division for the Santa Clara Superior Court) at 3. Plaintiff alleges that this deed is "false evidence," purportedly because Deutsche Bank represented itself in the deed as "foreclosing beneficiary grantor" although it has "never been a grantee of the Cutlip's Deed of trust or promissory Note." FAC at 20.

On August 14, 2012, Deutsche Bank initiated an unlawful detainer action against Plaintiff. *Id.* at 7. Deutsche Bank submitted with its complaint a copy of the recorded trustee's deed upon sale as evidence of its right to possess the property. *Id.* at 22-23. In addition to alleging that the deed itself was "false evidence," Plaintiff also asserts that Deutsche Bank and defendant Petiprin, who represented Deutsche Bank in the unlawful detainer action, "intentionally removed" a disclaimer inscribed on the recorded deed that states "No representation as to its effect upon title." *Id.* at 6, 21, 22. Plaintiff alleges that by removing the disclaimer, Deutsche Bank falsely represented to the unlawful detainer court that it had perfected its title to the Campbell property

---

[2] Deutsche Bank's Request for Judicial Notice, ECF 34, is GRANTED because it seeks notice of recorded instruments and court filings that are public records from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court here DENIES Plaintiff's August 18, 2015 and August 21, 2015 Requests for Judicial Notice, ECF 50, 53, both because they are untimely and because they contain only argument and do not attach any judicially noticeable documents.

even though (in Plaintiff's view) the disclaimer stated otherwise. *Id.*

Following a full trial on the merits, the unlawful detainer court, over Plaintiff's fervent opposition, granted judgment in Deutsche Bank's favor, and that judgment was affirmed by the appellate division on June 24, 2014. *See* Def.'s RJN Exhs. 2, 3. Plaintiff did not discover the allegedly fraudulent removal of the disclaimer on Deutsche Bank's deed until after the conclusion of the unlawful detainer proceedings. He now advances an "independent action in equity" to set aside the unlawful detainer court's judgment on the basis of Defendants' alleged fraud on that court. *See* FAC at 47.

**II.    SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. §§ 1331, 1332**

As an initial matter, and as is its obligation, the Court has reviewed the FAC and has determined that Plaintiff's allegations are insufficient to support either the existence of a federal question or diversity of citizenship. *See* Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A claim is presumed to lie outside of a federal court's limited jurisdiction unless the party asserting jurisdiction proves otherwise. *Kokkonen*, 511 U.S. 375, 377; *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

Federal jurisdiction generally arises in one of two ways: (1) from the presence of a federal question, or (2) from complete diversity of the parties, where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction is determined from the face of a well-pleaded complaint that "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law in that federal law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 13, 27-28 (1983)). Federal question jurisdiction is only invoked when a "plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

There are no federal causes of action on the face of the FAC. Plaintiff identifies three federal statutes, none of which confer subject-matter jurisdiction on this Court. First, Plaintiff

3

seeks equitable relief from this Court pursuant to 28 U.S.C. § 1655, which states:

> In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

28 U.S.C. § 1655 is a personal jurisdiction provision; it "confers in rem jurisdiction on the federal courts only in cases that would be within federal jurisdiction if brought as in personam suits." *GP Credit Co., LLC v. Orlando Residence, Ltd.*, 349 F.3d 976, 979 (7th Cir. 2003); *see also Dluhos v. Floating & Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 72 (2d Cir. 1998); *Georgia Central Credit Union v. Martin G.M.C. Trucks, Inc.*, 622 F.2d 137 (5th Cir. 1980) (per curiam). In other words, Plaintiff must establish that the Court has subject-matter jurisdiction over this dispute before he can invoke § 1655 to have the Court exercise jurisdiction over defendants with an interest in the subject property.[3] Second, Plaintiff invokes 42 U.S.C. § 1983. FAC at 9-10. As the Court previously admonished, private parties such as Deutsche Bank cannot be held liable under § 1983 and Plaintiff has sued no state actors here. *See* Order Denying Ex Parte Appl. for TRO at 4-5, ECF 13. Section 1983 is therefore not available as a basis for this Court's jurisdiction. Finally, Plaintiff identifies the "Deceptive and Unfair Trade Practices Act," which he abbreviates as "FDUTPA." *See* FAC at 9-10, 44-45. To the extent Plaintiff is referring to 15 U.S.C. § 45(a), the federal statute that prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce," that act may only be enforced by the Federal Trade Commission. There is no private right of action under 15 U.S.C. § 45 and Plaintiff therefore cannot rely upon that statute to invoke this Court's jurisdiction.

As to jurisdiction under 28 U.S.C. § 1332(a), "a party seeking to invoke diversity jurisdiction should be able to allege *affirmatively* the actual citizenship of the relevant parties" on the face of the complaint in order to confirm that all parties are diverse. *Kanter v. Warner-*

---

[3] Moreover, by virtue of the fact that Plaintiff himself filed a quiet title action in connection with the subject property in state court, this Court may not exercise *in rem* jurisdiction over the Campbell property under 28 U.S.C. § 1655 without impinging on the state court's prior jurisdiction over that property. *See Penn Gen. Cas. Co. v. Commonwealth of Pennsylvania ex rel. Schnader*, 294 U.S. 189, 198 (1935).

4

1  *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (emphasis added).  Plaintiff is unquestionably a

2  citizen of California.  FAC at 5.  Plaintiff alleges that Deutsche Bank is a citizen of New York.  *Id.*

3  Defendant Petiprin's state of citizenship is not alleged, but Plaintiff provides the address of his law

4  office, which is located in Huntington Beach, CA.  *Id.* at 6.  There are no factual allegations to

5  indicate that Petiprin does not reside in the state where he practices law.  As such, the allegations

6  in the FAC reflect a lack of complete diversity between Plaintiff and Defendants.  *See Owen*

7  *Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist

8  unless *each* defendant is a citizen of a different State from *each* plaintiff" (emphasis in original)).

9  Furthermore, Plaintiff has failed to demonstrate that the amount in controversy in this case

10 exceeds $75,000.  28 U.S.C. § 1332(a).  "In actions seeking declaratory or injunctive relief, it is

11 well established that the amount in controversy is measured by the value of the object of the

12 litigation."  *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).  The object in

13 litigation here is an unlawful detainer judgment that Plaintiff seeks to set aside.  In unlawful

14 detainer actions, title to the subject property is not the object of the litigation, only the right to

15 possess the property.  *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977).  As such, it is the

16 rare unlawful detainer action that can satisfy the jurisdictional amount to invoke this Court's

17 subject-matter jurisdiction and Plaintiff has failed to allege or demonstrate that his claim for

18 declaratory relief meets that jurisdictional limit.

19       This Court therefore lacks subject-matter jurisdiction over Plaintiff's claims under either

20 federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, *id.* § 1332(a).

21 **III.    APPLICATION OF THE *ROOKER-FELDMAN* DOCTRINE**

22       Turning to the arguments advanced in the parties' briefing, the Court agrees with Deutsche

23 Bank that even if this Court had subject-matter jurisdiction under 28 U.S.C. §§ 1331 or 1332, the

24 *Rooker-Feldman* doctrine deprives this Court of jurisdiction to hear Plaintiff's claims.[4]  *See* Def.'s

---

[4] Plaintiff's "Demand" for a jury determination on Deutsche Bank's Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is DENIED.  See ECF 49.  Whether Plaintiff's claims constitute a forbidden de facto appeal barred by *Rooker-Feldman* has nothing to do with the merits of those claims and, as such, does not require the determination of disputed facts by a jury.  *St. Clair v. City of Chico*, 880 F.2d 199, 202 (9th Cir. 1989).

United States District Court
Northern District of California

Mot. 6-7. The *Rooker-Feldman* doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to [the Supreme Court]." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 644 n.3 (2002) (citing 28 U.S.C. § 1257(a)). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

To determine whether an action functions as a forbidden de facto appeal of a state court judgment, courts "pay close attention to the *relief* sought by the federal-court plaintiff." *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003)). Here, the relief that Plaintiff seeks is an order "directing Honorable Judge Mary J. Greenwood to vacate the trial courts Final order of December 28, 2012 112CV230319 and order canceling Deutsche [Bank's] Notice of default, purported trustee deed and substitution of trustee and dismiss their case with prejudice." FAC at 48. Although the Supreme Court has been very sparing in its invocation of the doctrine, this case is clearly the quintessential case barred by *Rooker-Feldman* because Plaintiff lost Deutsche Bank's unlawful detainer action against him in state court and has now repaired to federal court to undo the state court unlawful detainer judgment against him. *Cf. Exxon*, 544 U.S. at 293.

Plaintiff does not dispute that he is seeking to vacate the state court's judgment. He asserts, however, that his claims survive under the "extrinsic fraud" principle set forth in *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004). *See* Pl.'s Opp. 3-5, ECF 45.[5] The *Kougasian* exception is inapplicable. "Extrinsic fraud is conduct which prevents a party from

---

[5] Plaintiff filed two oppositions to Deutsche Bank's motion. *See* ECF 45, 46. The first opposition at ECF 45 is 32 pages in length, which is far in excess of this district's page limits on motion briefing. *See* Civ. L.R. 7-3. The second opposition at ECF 46 is shorter. The Court hereby STRIKES Plaintiff's second opposition at ECF 46 and STRIKES pages 27-32 of Plaintiff's first opposition at ECF 45. The stricken pages will not be considered.

presenting his claim in court." *Kougasian*, 459 F.3d at 1140 (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)). In *Kougasian,* the court found that a plaintiff could pursue a claim to set aside a state court judgment procured by fraud where she alleged that the defendants prevailed by filing a false declaration, that the court had based its judgment on the declaration, and that "defendants prevented her from challenging the declaration by presenting it to the court at the last minute and by refusing to provide the declarant's telephone number or address." *Id.* at 1138, 1140. The plaintiff was thus effectively barred from challenging the veracity of the declaration on which the court relied.

Here, as a preliminary matter, it is not clear that Defendants tampered with the recorded trustee deed, as opposed to simply providing the state court with an unclear copy. The copy of the trustee deed that Deutsche Bank asks this Court to judicially notice appears to have the vestiges of a stamp on its first page. See Def.'s RJN Exh. 1.[6] This refutes Plaintiff's allegation that Defendants intentionally removed the stamp in the version presented to the unlawful detainer court. FAC at 21. Moreover, even assuming as true Plaintiff's allegation that the "accommodation" stamp was not visible on the version submitted to the unlawful detainer court, his theory of the case appears to rest on the flawed premise that the "accommodation" stamp on the trustee's deed is "used by title companies when the title company cant [sic] insure the title to the property" and that the "title company cant [sic] insure the property and wont [sic] record the document as a title instrument because the document will be susceptible to fraud and the title company is liable." Pl.'s Opp. 9-11. In other words, Plaintiff appears to believe that the "accommodation" stamp is evidence that Deutsche Bank does not have title to the property, as determined by the title insurance company that recorded the deed. *See id.* at 11 ("the stamp would have prevented [D]eutsche from claiming a duly perfected title"). The practice of "accommodation recording" is not entirely unheard of in California. As explained by one

---

[6] The Court takes notice that in a recent bankruptcy case in which Plaintiff's wife filed an adversary complaint on the same grounds as are asserted in the FAC, the Bankruptcy Court likewise noted that "it appears that the stamp is indeed present, albeit faintly (likely due to artifacts introduced by repeated photocopying), on Deutsche Bank's version of the Trustee's Deed." Def.'s RJN Exh. 9 at 4.

7

California Court of Appeal, a stamp stating the deed is being recorded as an accommodation with no representations as to title simply disclaims a title company's liability for the correctness or validity of the recorded document and is something "which essentially anyone can perform" because "any member of the public may simply choose to record the document personally." *Rooz v. Kimmel*, 55 Cal. App. 4th 573, 590 (1997); *see also In re Marriage of Young*, No. A114989, 2007 WL 2143007, at *6 (Cal. Ct. App. July 27, 2007) (citing *Rooz*, 55 Cal. App. 4th 573) (reasoning that "[a]n 'accommodation recording' does not necessarily signify, however, the absence of an intent to change beneficial ownership" and concluding that the "accommodation" language on a grant deed did not alter its conclusion that the deed represented a change in ownership).[7] The stamp thus has no bearing on the actual determination of title or, more importantly, the right to possession.

More fundamentally, Plaintiff's allegations fail to demonstrate that Defendants' alleged misconduct constituted fraud extrinsic or collateral to the proceedings that prevented him from presenting his claim. *See Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380, 1384 (9th Cir. 1978); *Kougasian*, 359 F.3d at 1140. Plaintiff had ample opportunity—and indeed availed himself of every opportunity—to challenge Deutsche Bank's title to the Campbell property in both the unlawful detainer and quiet title actions. In both cases, the courts reviewed all of Plaintiff's documents and, after struggling with his arguments as much as this Court has, concluded that his arguments did not merit success. *See* Def.'s RJN Exhs. 2-5. Indeed, the unlawful detainer court examined all of the documents and authorities that Plaintiff presented to challenge Deutsche Bank's right to foreclose and to obtain title over the property and rejected them all. *Id.* Exh. 2. To grant Plaintiff's request to vacate the state court's judgment, this Court would have to conclude that the state court erred in all of its conclusions. This Court has no jurisdiction to act in such an appellate capacity over a state court. *Rooker*, 263 U.S. at 416.

In summary, Deutsche Bank's title was central to both the state court unlawful detainer and quiet title actions and Plaintiff's allegations fail to demonstrate fraud extrinsic to those

---

[7] Although this opinion is unpublished and therefore not binding precedent under the California Rules of Court, this Court finds its reasoning and application of *Rooz* persuasive.

proceedings that prevented him from challenging Deutsche Bank's title and right to possess the property. Courts routinely reject such attempts to overturn state court unlawful detainer judgments based upon similar assertions of purported "extrinsic" fraud. *See Menna v. Radmanesh*, No. CV 14-355-R MAN, 2014 WL 6892724, at *10 (C.D. Cal. Oct. 7, 2014) *report and recommendation adopted*, No. CV 14-00355-R MAN, 2014 WL 6606504 (C.D. Cal. Nov. 5, 2014); *Obeng-Amponsah v. Naiman*, No. CV-14-635 GHK PJW, 2014 WL 4303764, at *3 (C.D. Cal. July 30, 2014) *report and recommendation adopted*, No. CV 14-635-GHK PJW, 2014 WL 4309466 (C.D. Cal. Aug. 29, 2014); *Collazo v. Fed. Nat. Mortgage Ass'n Corp.*, No. CV 13-00975 MMM JPRX, 2013 WL 2317798, at *5 (C.D. Cal. May 28, 2013).

When a case is a forbidden de facto appeal, a federal court must also refuse to hear claims that are "inextricably intertwined" with the issues resolved by the state court to the extent hearing such claims would "in essence" require the district court to review the state court's decision. *Feldman*, 460 U.S. at 483; *see also Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003). Issues are inextricably intertwined where "'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir.1995)); *see also Cooper*, 704 F.3d at 778-79. Here, Plaintiff asserts as unconstitutional both California's unlawful detainer law and the tender rule that the quiet title court invoked in ruling against Plaintiff in that case. FAC at 45; Def.'s RJN Exh. 5 at 5-6. Insofar as Plaintiff is advancing these claims of unconstitutionality against Deutsche Bank—a private party that merely invoked the law—it is clear those claims are inextricably intertwined with his forbidden de facto appeal of the state court's judgment applying the challenged laws.[8] In essence, Plaintiff is once more contending that the state court erred in entering judgment against him pursuant to a purportedly unconstitutional law or rule. Moreover, the relief that Plaintiff requests is precisely what this Court cannot grant: review and rejection of the state court's judgment. As such, this

---

[8] Moreover, it is not clear that Plaintiff can even assert a claim for relief against the defendants in this case based upon the purported unconstitutionality of California's unlawful detainer law and tender rule. That is more likely an issue for a different case against different defendants.

Court also lacks jurisdiction to hear Plaintiff's constitutional claims under the *Rooker-Feldman* doctrine. *Accord Menna*, 2014 WL 6892724, at *10-11; *see also Ritter v. Ross*, 992 F.2d 750, 754-55 (7th Cir. 1993).

## IV. LEAVE TO AMEND

In dismissing Plaintiff's FAC, the Court is cognizant that "a document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (quoted with approval in *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1041 (9th Cir. 2014)).

Here, the Court notified Plaintiff of deficiencies in his original complaint in denying Plaintiff's Ex Parte Application for Temporary Restraining Order on March 27, 2015. *See* ECF 13. Plaintiff chose to amend by filing the FAC and adding defendant Petiprin to his suit. Having reviewed the FAC and the judicially noticeable documents, further amendment of the pleadings is unlikely to bring greater clarity. Nor is further amendment likely to surmount the significant jurisdictional barriers to Plaintiff's claims. As such, Deutsche Bank's Motion to Dismiss is GRANTED without further leave to amend.

## V. ORDER

For the foregoing reasons, Deutsch Bank's Motion to Dismiss is GRANTED and this action is DISMISSED without prejudice for lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

Dated: August 28, 2015

_____
BETH LABSON FREEMAN
United States District Judge