**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| WILLIAM CUTLIP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY FOR THE HARBORVIEW MORTGAGE LOAN TRUST PASS-THROUGH CERTIFICATES 2007-7, et al.,<br><br>　　　　Defendants. | Case No.  15-cv-01345-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Re:  ECF 57] |

　　　　Before the Court is *pro se* Plaintiff's Motion for Reconsideration of the Court's dismissal of this case. ECF 57. Plaintiff does not identify the rule pursuant to which he brings this motion. The Court considers Plaintiff's motion under each possible basis: as a Motion for Reconsideration pursuant to Civil Local Rule 7-9, a Motion to Alter or Amend a Judgment pursuant to Rule 59(e), and a Motion for Relief pursuant to Rule 60(b). Defendant Deutsche Bank National Trust Company for the Harborview Mortgage Loan Trust Pass-Through Certificates 2007-7 ("Defendant")[1] opposes the Motion on each basis, arguing that it "is improper, cites no new law or fact, and is a regurgitation of Plaintiff's Opposition to Defendant's Motion to Dismiss." Def.'s Opp., ECF 58 at 1. Plaintiff did not file a Reply.

　　　　For the reasons discussed below, the Motion is DENIED.

**I.　　BACKGROUND**

　　　　For nearly four years, Plaintiff has been asserting his interest in real property located at 619 Union Avenue Campbell, California. The parties have litigated in California superior court,

---

[1] Defendant Benjamin Petiprin was never served. *See* Summons, ECF 43.

including Plaintiff's action for quiet title and Defendant's action for unlawful detainer, and bankruptcy court. Def.'s MTD FAC, ECF 33 at 1. In each proceeding, the courts ruled in Defendant's favor. *See* FAC, ECF 21 at 7; Def.'s RJN, ECF 34 Exh. 4. Plaintiff appealed both of the superior court orders, but both were affirmed. *See* FAC at 7, Def.'s RJN Exhs. 2, 3, 5.

Plaintiff next advanced an "independent action in equity" before this Court, seeking to set aside the unlawful detainer court's judgment on the basis that Defendant allegedly defrauded the state court. *See* FAC at 47. On August 28, 2015, this Court dismissed the action for lack of subject-matter jurisdiction. Order, ECF 55.

Plaintiff now moves for reconsideration. Specifically, Plaintiff requests an opportunity to amend his complaint to "make his argument clearer" and "add[] new information obtained from [*Rooz v. Kimmel*, 55 Cal. App. 4th 573 (1997)]." Pl.'s Mot. at 16. The Court considers this Motion pursuant to Civil Local Rule 7-9, Rule 60(b), and Rule 59(e).

## II. ANALYSIS

### A. Civil Local Rule 7-9

Under Civil Local Rule 7-9, a party may request leave to file a motion for reconsideration *before* a judgment has been entered. Civ. L.R. 7-9(a). Here, the Court entered judgment on August 28, 2015. ECF 56. Plaintiff did not file this Motion until September 9, 2015. ECF 57. Thus, Plaintiff's Motion, if construed as a motion for reconsideration under Civil Local Rule 7-9, is improper.

Furthermore, a party must seek leave to file such a motion. Civ. L.R. 7-9(a). Plaintiff neither sought nor obtained such leave.

Finally, even if Plaintiff had brought this Motion prior to judgment and after seeking leave from the Court, the motion would not qualify under Civil Local Rule 7-9. A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material

1 facts or dispositive legal arguments. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue
2 any written or oral argument previously asserted to the court. Civ. L.R. 7–9(c).
3      Plaintiff has not identified the 7-9(b) ground for his Motion. Instead, he simply restates
4 the arguments he previously asserted to the Court. *See* Def.'s Opp. at 2; Pl.'s Mot. at 12.
5 Accordingly, to the extent that this Motion is a motion for reconsideration pursuant to Civil Local
6 Rule 7-9, it is DENIED.

### B. Rule 59(e)

The grounds for a motion to amend or alter judgment under Rule 59(e) are nearly identical to those discussed above. "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir.1999) (per curiam) (internal quotation and citation omitted). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted).

Here, Plaintiff does not identify the Rule 59(e) grounds for his Motion and the Court cannot find support for any of the three grounds. Plaintiff offers no newly discovered evidence, nor does he allege that this Court committed clear error. The only case Plaintiff seeks to discuss further is *Rooz*—a 1997 California case that this Court not only considered, but also cited, in its initial Order. *See* ECF 55 at 8. Accordingly, to the extent that this Motion is a motion to alter or amend a judgment pursuant to Rule 59(e), it is DENIED.

### C. Rule 60(b)

Federal Rule 60(b) provides for relief from a judgment or order in six circumstances. Though Plaintiff's motion is unclear, he appears to cite the following grounds: 1) mistake, inadvertence, surprise, or excusable neglect; 3) fraud, misrepresentation, or misconduct by an opposing party; 4) the judgment is void; or 6) any other reason that justifies relief. Pl.'s Mot. at 12.

3

Again, Plaintiff makes no attempt to identify the supposed mistake, fraud, void judgment, or other reason that would support this Motion. While he discusses at length the extrinsic fraud he alleges occurred in the state court case—the same alleged fraud that he raised, first, in his Complaint and, again, in his Opposition to Defendant's Motion to Dismiss—Plaintiff does not identify any fraud in *this* case. Similarly, he seems to suggest that the state court judgment is void—but he has previously raised this argument before the Court and it does not challenge the validity of *this* Court's Order, as Rule 60(b) would require. As Plaintiff himself notes, he seeks to make his prior arguments clearer for the Court, but such clarification is not grounds for the requested relief.

Accordingly, to the extent that this Motion is a motion for relief pursuant to Rule 60(b), it is DENIED.

The Court recognizes the importance of allowing plaintiffs the opportunity to present their cases on the merits and to liberally allow amendment where the pleading deficiencies can be cured. As the Court stated in its prior order, *see* ECF at 10, based upon a careful review of all of Plaintiff's papers, no amendment could have addressed the legal deficiencies in the FAC regarding absence of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

**III.  ORDER**

For the foregoing reasons, Plaintiff's Motion is DENIED with prejudice.

Dated: October 13, 2015

_____
BETH LABSON FREEMAN
United States District Judge

4